UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAMON GARCIA SEDANO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | NO. CR-06-2032-EFS<br>NO. CV-09-3088-EFS<br><br>**ORDER DENYING PETITIONER'S<br>MOTION TO VACATE, SET ASIDE,<br>OR CORRECT SENTENCE** |

Before the Court, without oral argument, is *pro se* Petitioner Ramon Garcia Sedano's Motion to Vacate, Set Aside, or Correct Sentence. (Ct. Rec. 83.) After reviewing the submitted material, the Court is fully informed and denies Petitioner's motion. The reasons for the Court's Order are set forth below.

**I. Background**

Mr. Garcia Sedano was convicted of reentering the United States after previously having been deported twice, in violation of 8 U.S.C. § 1326. The Court sentenced Mr. Garcia Sedano to 63 months imprisonment. (Ct. Rec. 66.)

ORDER * 1

After his sentencing, Mr. Garcia Sedano appealed this Court's denial of his downward departure request based on diminished capacity and imposition of a sentence above the statutory maximum. (Ct. Rec. 68.) The Ninth Circuit affirmed on the grounds that the Court rationally concluded that diminished capacity did not contribute substantially to the offense and that the sentence was otherwise reasonable. (Ct. Rec. 80.) Additionally, the Ninth Circuit held that the Court was entitled to rely on a prior conviction not pleaded or proved to rely on prior convictions not pleaded or proved to a jury in order to enhance the level of his offense. *See United States v. Grisel*, 488 F.3d 844, 846 (9th Cir. 2007) (en banc), *cert. denied*, 128 S. Ct. 425 (2007).

## II. Discussion

**1. Legal Standard - 28 U.S.C. § 2255**

Under section 2255, a court is authorized to discharge or re-sentence a defendant if it determines that: 1) the sentence imposed violates either the Constitution or United States law; 2) the court lacked jurisdiction to impose the sentence; or 3) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

A district court must grant a hearing to determine the validity of a petition brought under section 2255 "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). "The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted). To earn the right

ORDER * 2

to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). The choice of method for handling a section 2255 motion is left to the discretion of the district court. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (citations omitted).

**2. Mr. Garcia Sedano's Contentions**

Mr. Garcia Sedano alleges four (4) grounds for relief. First, he states that he has been in the United States nearly his whole life. Second, he says that he was incarcerated since the time he was thirteen (13) years old. Third, he alleges his prosecutor improperly said that he would break the law again if he were released from prison. Finally, he expresses a desire to remain in the United States in order to stay with his family.

Although the Court understands the difficulty of Mr. Garcia Sedano's circumstances, these are not cognizable grounds for section 2255 relief.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence **(Ct. Rec. 83)** is **DENIED**;

2. The criminal file and its civil companion case shall be **CLOSED**.

\\
\\
\\
\\

ORDER * 3

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to Respondent's counsel and Petitioner at the following address:

    WSP

    1313 North 13th Avenue

    Walla Walla, WA 99362

    **DATED** this   15th   day of September 2009.

                         S/ Edward F. Shea
                            EDWARD F. SHEA
                      United States District Judge

Q:\Criminal\2006\2032.vacate.wpd

ORDER * 4